NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MIRIAN NOHEMI RUIZ GONZALEZ; Y. N. N. R.; S. N. R. G.,

    Petitioners,

  v.

PAMELA BONDI, Attorney General,

    Respondent.

No. 25-4177

Agency Nos.
A245-814-786
A245-814-788
A245-814-790

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2026[**]
Seattle, Washington

Before: PAEZ, BEA, and BRESS, Circuit Judges.

Mirian Nohemi Ruiz Gonzalez and her two minor children, Y.N.N.R. and

S.N.R.G., natives and citizens of Guatemala, petition for review of a Board of

Immigration Appeals (BIA) decision dismissing their appeal of an Immigration

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Judge's (IJ) order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] We review the denial of asylum, withholding of removal, and CAT protection for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the denial of asylum and withholding of removal. To be eligible for asylum, Ruiz Gonzalez must demonstrate a "likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). To establish eligibility for withholding of removal, she must show "that it is more likely than not" that she will be persecuted if returned to Guatemala "because of" membership in a particular social group or other protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017); *see also* 8 U.S.C. § 1231(b)(3).

---

[1] Ruiz Gonzalez's children are derivative beneficiaries, and their claims are based on Ruiz Gonzalez's. We refer to petitioners collectively as "Ruiz Gonzalez."

25-4177

"A petitioner who has suffered past persecution is presumed to have a well-founded fear of future persecution." *Parada v. Sessions*, 902 F.3d 901, 911 (9th Cir. 2018). However, the government can "rebut that presumption if it establishes by a preponderance of the evidence that . . . the 'applicant could avoid future persecution by relocating to another part of the applicant's country of nationality.'" *Id.* (quoting 8 C.F.R. § 1208.13(b)(1)). "Relocation analysis consists of two steps: (1) whether an applicant could relocate safely, and (2) whether it would be reasonable to require the applicant to do so." *Singh v. Whitaker*, 914 F.3d 654, 659 (9th Cir. 2019) (quotation omitted).

In this case, substantial evidence supports the agency's conclusion that, assuming the abuse by Ruiz Gonzalez's father rose to the level of past persecution, the government demonstrated by a preponderance of the evidence that Ruiz Gonzalez could avoid the persecution she fears by safely relocating within Guatemala. The persecution Ruiz Gonzalez fears is contingent on residing with her father, which she would not need to do upon return to Guatemala. Ruiz Gonzalez's two brothers, who were also abused by their father as children, are now living in Guatemala and not suffering abuse from him. *See Hakeem v. I.N.S.*, 273 F.3d 812, 816 (9th Cir. 2001) (noting that "[a]n applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to

live in the country without incident"). And Ruiz Gonzalez has had no contact with her father since she left Guatemala.

The agency also permissibly concluded that relocation within Guatemala would be reasonable, because Ruiz Gonzalez's mother (who currently supports Ruiz Gonzalez) and siblings could assist her with the relocation and because Ruiz Gonzalez is young, healthy, and able to work. The record does not compel a contrary conclusion.

2. Substantial evidence likewise supports the denial of CAT relief. To prevail on her CAT claim, Ruiz Gonzalez must show that, "taking into account all possible sources of torture, [s]he is more likely than not to be tortured" if removed to Guatemala. *Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1156 (9th Cir. 2022) (quotation omitted). Torture is "an extreme form of cruel and inhuman treatment," 8 C.F.R. § 1208.18(a)(2), which is "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity," 8 C.F.R. § 1208.18(a)(1). "In assessing whether it is more likely than not that an applicant would be tortured in the proposed country of removal," the agency considers "all evidence relevant to the possibility of future torture . . . including . . . [e]vidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured." 8 C.F.R. § 1208.16(c)(3).

Ruiz Gonzalez's CAT claim is based on the same fear of abuse from her father as her asylum and withholding claims. For the reasons discussed above, substantial evidence supports the agency's finding that Ruiz Gonzalez would be able to avoid any torture from her father by relocating within Guatemala.

**PETITION DENIED.**[2]

---

[2] Ruiz Gonzalez's motion to stay removal, Dkt. 3, is denied. The temporary stay of removal shall remain in place until the mandate issues.